NICHOLAS M. WAJDA (State Bar #)
Attorney Email Address
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile:
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA VARGO, | Case No. 2:19-cv-00996 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** |
| ULRS, INC. d/b/a CREDIT COLLECTION BUREAU a/k/a UNITED LEGAL GROUP, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes ALEJANDRA VARGO ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of ULRS, INC. d/b/a CREDIT COLLECTION BUREAU ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides and conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in San Pedro, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency organized under the laws of the state of California with its principal places of business located at 495 East Rincon Street, Corona, California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9. In approximately 2014, Plaintiff received medical services from Dr. Jeffery Colbert ("Dr. Colbert"), located in Marina Del Rey, California

10. Plaintiff subsequently defaulted on her payments owed to Dr. Colbert, thus incurring debt ("subject debt").

11. After Plaintiff defaulted on her obligations to Dr. Colbert, Dr. Colbert charged off the subject debt and ceased sending periodic statements to Plaintiff regarding the subject debt.

2

12. Several years after Plaintiff defaulted on the subject debt, the subject debt was turned over to Defendant for collection.

13. Upon initially dealing with Defendant, Plaintiff sent a written request that Defendant validate the subject debt.

14. In response, on or about January 23, 2019, Plaintiff received a validation letter from Defendant.

15. This letter provides that the total balance due on the subject debt is $558.18, which is comprised of $281.44 in principal, $192.31 in interest, as well as an initial collection fee of $84.43.

16. The letter further states

> We are responding to your recent request regarding the above mentioned account. This correspondence includes documentation that serves to validate this particular debt and includes the original creditor's name and address, the principal amount owed, any payments made before assigned to our agency, as well as any and all interest, late fees, and/or collection costs (if any) as of today's debt

17. Defendant's validation letter did include documentation validating the principal owed on the subject debt; however, contrary to the representations in the letter, there was no documentation included with the validation letter addressing or otherwise validating the interest charges and initial collection fee comprising the total balance due on the subject debt.

18. Accordingly, Plaintiff became frustrated and confused over Defendant's actions and spoke with counsel regarding her rights.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies contact with debt collectors, violation of her federally protected interests, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business. Defendant identifies itself as a debt collector and has been a member of the ACA, an association of debt collectors, since 1983.[1]

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a.  Violations of the FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

27. Defendant violated 15 U.S.C. § 1692e, e(2), e(5) and e(10) through its attempts to collect interest additional to the principal balance of the subject debt. Upon information and belief, given the passage of time between when the subject debt was charged off/ Dr. Colbert ceased sending statements and Defendant's subsequent attempts to collect the subject debt, Dr. Colbert would have waived any right or ability to add interest to the subject debt. Such inability would have flowed to subsequent individuals attempting to collect the subject debt, including Defendant. Defendant's

---

[1] http://www.acainternational.org/search#memberdirectory

4

failure and apparent inability to provide validation of the interest charges connected with the subject debt further underscores its inability to collect such amounts.

28. Defendant further violated § 1692e and e(10) through its misrepresentations as to the portion(s) of the subject debt which had been validated. Defendant's validation letter suggests that documentation validating the interest charge and collection charge was provided to Plaintiff. However, the documentation provided to Plaintiff in no way addressed or validated any interest or other fee additional to the principal balance of the subject debt. Defendant made these false and misleading representations hoping that Plaintiff would assume the entirety of the debt was validated and thus more readily address the subject debt, even though Plaintiff was not provided the validation Defendant represented.

**b. Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law ." 15 U.S.C. §1692f(1).

31. Defendant violated § 1692f and f(1) when it unfairly suggested that it could collect interest on the subject debt. This right was waived by Dr. Colbert, thus precluding Defendant from attempting to collect these amounts.

32. Furthermore, Defendant violated § 1692f when it unfairly withheld documentation validating the interest charges and collection fee associated with the subject debt. Despite Plaintiff's request for validation of the subject debt, Defendant unfairly withheld information requested by Plaintiff. It is unfair and unconscionable for a debt collector to deprive consumers of information vital to their decision making process as such practice is designed to keep consumers in the dark in

5

furtherance of Defendant maintaining its asymmetrical knowledge advantage regarding the subject debt.

WHEREFORE, Plaintiff, ALEJANDRA VARGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

35. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

36. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.  Violations of RFDCPA § 1788.13(c)**

37. The RFDCPA, pursuant to Cal. Civ. Code § 1788.13(c), states that a debt collector may not falsely represent "that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation."

38. Defendant violated § 1788.13(c) of the RFDCPA through its attempts to collect interest on the subject debt. As discussed above, Defendant did not have the lawful ability to add such charges.

### b. Violations of RFDCPA § 1788.17

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

40. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692 e and f of the FDCPA. Defendant engaged in false and unfair conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

41. Defendant willfully and knowingly violated the RFDCPA.  Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ALEJANDRA VARGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: February 7, 2019            Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile:
Email: